## SUPERIOR COURT

Duncan A. McDonald
vs. } No. 55003
John H. Barr

RESCRIPT.

June 23, 1925.

SUMNER, J. The plaintiff has brought suit to recover damages for the negligence of the defendant in operating his car so that it came into collision with the car in which the plaintiff was riding. The jury brought in a verdict for the plaintiff in the sum of $1200 and defendant has filed a petition for a new trial.

At the hearing on the petition defendant's counsel did not argue on the negligence of his client. His contention was that the amount of damages awarded by the jury was excessive.

According to the testimony the defendant "cut in" to the car in which the plaintiff was riding after passing at least one other car besides that of the plaintiff. The collision broke the glass of the windshield so that the plaintiff's wrist was badly cut. Dr. Norton testified that there was a cut through the tendon that supplied two fingers and that this called for a "nice" operation, as he expressed it. Plaintiff was in the hospital a week and was detained from his work as a house painter for five weeks in all. He says that his arm at present is in pretty good shape but his little finger bothers him on the ceiling work. When he reaches his hand up and draws it back, the weakness in the finger causes him to drop the sponge. He says he is not so sure of himself in climbing ladders and has told his employer that he does not care to climb them any more.

The evidence showed cash expenses incurred by plaintiff amounting to about $330 and the balance of the verdict constitutes the amount that the jury in their judgment considered a fair remuneration for the pain and suffering and physical handicap in his work.

The Court is not prepared to say that the amount is excessive, as Dr. Norton, who assisted at the operation, testified the operation was a delicate one and he also adds that "shock is a big feature now. We appreciate it more than we used to—the effects of shock and the effects of banging."

There were three other cases tried at the same time, brought by other occupants of the automobile which was struck, and the jury gave modest verdicts in each of them, showing, apparently, their fair consideration of the claims. The plaintiff made a good appearance on the witness stand and there was a question as to whether the recklessness of the defendant did not call for exemplary damages.

The defendant's petition for a new trial is denied.

For plaintiff: James H. Rickard.
For defendant: John J. Mee.